**NOT FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
---------------------------------------------------------X
In Re:

| | |
|---|---|
| RACHELLE CASTIGLIONE, | CHAPTER 7 |
| | CASE NO. 05-54849 (MBK) |
| Debtor. | |

---------------------------------------------------------X

| | |
|---|---|
| NANCY ISAACSON, CHAPTER 7 TRUSTEE, | |
| Plaintiff, | |
| - against – | |
| | ADV. PRO. NO. 06-1523(MBK) |
| JOSEPH CASTIGLIONE, MORTGAGE ELECTRONIC REGISTRATION, SYSTEMS, INC., SUPERIOR MORTGAGE CORP., and NOMURA CREDIT & CAPITAL, INC. | |
| Defendants. | |

---------------------------------------------------------X

**APPEARANCES:**

Thomas A. Waldman, Esq.
Goldstein Isaacson, PC
100 Morris Avenue, 3rd Floor
Springfield, New Jersey 07081
*Attorneys for Plaintiff, Nancy Isaacson, Chapter 7 Trustee*

Susan B. Fagan-Limpert, Esq.
89 Mountain Heights Ave.
PO Box 208
Lincoln Park, NJ 07035
*Attorney for Joseph Castiglione*

Joshua H. Raymond, III, Esq.
Trenk, DiPasquale, Webster, Della Fera & Sodono, P.C.
100 Executive Drive, Suite 100
West Orange, NJ 07052
*Attorneys for Superior Mortgage Corp.*

Joel S. Ackerman, Esq.
Zucker, Goldberg & Ackerman
200 Sheffield Street, Suite 301
P.O. Box 1024
Mountainside, New Jersey 07092-0024
*Attorneys for Secured Creditor*
*Graystone Solutions, Inc., Servicing Agent for Nomura*
*Credit & Capital, Inc.*

**MICHAEL B. KAPLAN, U.S.B.J.**

**MEMORANDUM DECISION**

**I. INTRODUCTION**

In this Adversary Proceeding, Plaintiff, Nancy Isaacson ("Plaintiff"), Chapter 7 Trustee for the Bankruptcy Estate of Debtor Rachelle Castiglione ("Debtor" or "Mrs. Castiglione"), seeks to avoid the September 15, 2005 transfer of Debtor's interest in real property located at 222 Madison Avenue, Hasbrouck Heights, New Jersey (the "Property") to her husband, Defendant Joseph Castiglione ("Mr. Castiglione") as a fraudulent transfer pursuant to §§ 544 and 548 of the Bankruptcy Code and applicable state law. Trustee also seeks to avoid, pursuant to 11 U.S.C.§ 550, the subsequent mediate transfer by Mr. Castiglione of an interest in the Property to Defendant, Superior Mortgage Corp. ("Superior") by his conveyance of a mortgage lien ("Mortgage") to Superior on the same date, September 15, 2005. By Opinion and Order, dated December 4, 2007 and December 5, 2007, respectively, this Court granted summary judgment on Counts One and Two of the complaint in favor of Plaintiff with respect to the initial transfer of Debtor's interest in the Property to Mr. Castiglione. Prior to hearing oral argument on Plaintiff's summary judgment motion with respect to the count of the complaint seeking to avoid the mortgage granted in favor of defendants Mortgage Electronic Registration Systems, Inc.

("MERS")[1] and/or Superior, to the extent of the value of the fraudulent transfer of Debtor's interest, Superior filed a cross-motion seeking leave to file a third party complaint against Nomura Credit & Capital, Inc. ("Nomura"), a subsequent purchaser of the Mortgage.

On January 3, 2008 and January 18, 2008, this Court heard oral argument with respect to the cross motions, including the impact, if any, of the mandatory joinder provisions of the Federal Rules of Civil Procedure, as applicable through the Federal Rules of Bankruptcy Procedure. Thereafter, on January 28, 2008, this Court entered an Order, consistent with rulings from the bench, which indicated that Nomura is a party-in-interest in this proceeding pursuant to Fed. R. Bank. P. 7019 and directed the Trustee to file and serve an amended complaint naming Nomura as a defendant and seeking to fix the extent and validity of any asserted lien on the Property. The January 28, 2008 Order further directed the Trustee to serve Nomura with a copy of the summary judgment motion and provided a deadline of March 14, 2008, by which Nomura was to "file and serve its answer or other pleading in response...and any opposition to Trustee's summary judgment motion." The Court's intent was to afford Nomura an opportunity to oppose the merit's of Plaintiff's summary judgment motion, seeking to have the value of the mortgage lien substantially reduced as a result of her claim under 11 U.S.C.§ 550 (a)(2). While Graystone Solutions, Inc., as servicing agent for Nomura,[2] filed an Answer to the amended complaint, it did not submit any substantive opposition to the summary judgment motion. At oral argument held on April 18, 2008, counsel for Plaintiff and Superior relied upon their prior written submissions and oral argument. Nomura's counsel contended that it was procedurally not required to file written opposition or make oral argument unless and until named and served by Plaintiff with a

---

[1] MERS served only as nominee for Superior with respect to the subject mortgage transaction and has not participated independently in the litigation. A default was entered against MERS on October 19, 2007.

[2] Hereinafter, the Court will refer to this party as "Nomura".

separate summary judgment motion.³ This Court disagrees. For the reasons set forth below, the Court grants Plaintiff's Motion for summary judgment with respect to the First Count of the Second Amended Adversary Complaint.

## II. JURISDICTION[4]

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Standing Order of Reference issued by the United States District Court for the District of New Jersey on July 13, 1984. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(I). Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

## III. UNDISPUTED FACTS

1. Debtor filed a voluntary petition ("Chapter 7 Petition") for relief under Title 11, Chapter 7 of the United States Code (the"Bankruptcy Code") on October 15, 2005 (the "Petition Date"). (Isaacson Cert. ¶3.)

2. On or about November 10, 2005, Plaintiff was appointed as Chapter 7 Trustee pursuant to 11 U.S.C.§ 701. (Isaacson Cert. ¶ 1).

3. Defendant Joseph Castiglione ("Mr. Castiglione") is the husband of Mrs. Castiglione and resides at 222 Madison Avenue, Hasbrouck Heights, New Jersey (the "Property"). (Isaacson Cert. ¶ 5).

4. By Deed dated November 19, 2004 between Mr. Castiglione, Grantor, and Mr. and

---

[3]Counsel for Nomura did further argue that the relief sought by the Plaintiff would be barred as to Nomura by reason of its status as a "holder in due course". Inasmuch as no authority supporting this contention was provided to the Court or other parties, the Court will not consider this argument at this time.

[4]The Court notes that L.Civ. R. 56.1 of the District Court, made applicable herein pursuant to D.N.J. LBR 1001-1, requires the filing of separate statements of material facts as to which there exists or does not exist a genuine issue. The Court has adopted and incorporated in its opinion certain non-controverted facts set forth in the Certification of Nancy Isaacson ("Isaacson Cert.") and Certification of Thomas A. Waldman ("Waldman Cert."), and Exhibits annexed thereto, as well as the Plaintiff's statement of undisputed material facts. No other party filed a statement of undisputed facts and none assert any factual disputes.

Mrs. Castiglione, husband and wife, Grantee, Mr. Castiglione conveyed an interest in the Property to Mrs. Castiglione and he and Mrs. Castiglione became the record owners of the Property. (Issacson Cert. at ¶ 6 and Exhibit B thereto). The transaction was undertaken as part of a refinance of the existing mortgage.

5. On or about August 24, 2005 Mr. Castiglione applied to Defendant Superior Mortgage Corp. ("Superior") for a mortgage loan to refinance the Property. (Waldman Cert. at ¶ 4(a) and Exhibit C thereto).

6. In connection with the underwriting process for Mr. Castiglione's mortgage loan application, Superior obtained an appraisal of the Property. The appraisal obtained by Superior indicates that the estimated value of the Property as of August 24, 2005 was $387,500.00. (Waldman Cert. at ¶ 4(a) and Exhibit D thereto).

7. Superior approved Mr. Castiglione's application for a mortgage loan to refinance the Property subject to certain conditions, including a requirement that Mrs. Castiglione execute a quitclaim deed to remove her as a record owner of the Property and to vest title to the Property only in Mr. Castiglione. (Waldman Cert. at ¶ 4(c) and Exhibit E thereto).

8. On or about September 15, 2005, approximately one month before the Petition Date, in connection with his refinance of the Property through Superior, Mr. Castiglione became the sole record owner of the Property by virtue of a deed between Mr. Castiglione and Mrs. Castiglione, Grantor and Mr. Castiglione, Grantee, by which Mrs. Castiglione's interest in the property was transferred to Mr. Castiglione ("the Transfer"). The consideration stated in the instrument for the transfer is $1.00. (Statement of Undisputed Fact ¶ 8,9 ).

9. A closing of the mortgage loan refinance transaction between Mr. Castiglione and Superior took place on the same day, September 15, 2005. According to the HUD-1 Form

Settlement Statement prepared in connection with the closing of the loan transaction, the total of then-existing mortgage liens against the Property, which liens were paid from the Superior loan proceeds were $244,699.57. Thus, as of the date prior to the Transfer the value of the equity in the Property was $142,800.43, one half of which belonged to Mrs. Castiglione. (Waldman Cert. ¶ 4(d) and Exhibit F thereto). As part of the transaction, Mr. Castiglione granted a mortgage interest in the Property in the principal amount of $290,625.00 to MERS as "mortgagee" and to Superior as "lender" by executing a mortgage ("the Mortgage") in favor of MERS and Superior in that amount. The Mortgage was recorded by the Bergen County Clerk's office on October 22, 2005.

10. Just one month later, on October 15, 2005 Ms. Castiglione filed her voluntary petition for relief (the "Chapter 7 Petition") under Title 11, Chapter 7 of the United States Code (the "Bankruptcy Code"). (Statement of Undisputed Fact ¶ 1). The Chapter 7 Petition discloses that as of its date, Ms. Castiglione was insolvent. In her Chapter 7 Petition, Ms. Castiglione reported assets of $18,400, while her total liabilities were $93,373.89 . Further, the Chapter 7 Petition discloses that prior to its filing , at least one of Ms. Castiglione's creditors, The Bank of New York, had filed suit against her to collect on a personal guaranty given by her to secure payment of a loan to a business owned by her. (Statement of Undisputed Fact ¶¶11, 12).

11. On or about December 5, 2007, in this action, the United States Bankruptcy Court for the District of New Jersey avoided the Property Transfer, awarding Plaintiff the relief that she sought against Defendant Joseph Castiglione in the First Amended Complaint filed in the action.

12. On or about May 1, 2005, Superior entered into an agreement to sell and assign various loans to Nomura. As a result of certain issues between Superior and Nomura, on

September 5, 2006, a settlement agreement was executed whereby Superior paid certain monies to Nomura in full satisfaction of any reverter provisions. As a result of the loan purchase agreement, Nomura holds all economic and other interest in the Castiglione Loan.

**IV. DECISION**

By this motion, Trustee seeks an order avoiding the transfer of the mortgage interest to Superior, to the extent of the value of the interest held by Ms. Castiglione prior to the refinance transaction. Summary judgment is appropriate where "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "In deciding a motion for summary judgment, the judge's function is to determine if there is a genuine issue for trial." Josey v. John R. Hollingsworth Corp., 996 F.2d 632, 637 (3d Cir.1993).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Huang v. BP Amoco Corp., 271 F.3d 560, 564 (3d Cir. 2001), citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party establishes the absence of a genuine issue of material fact, however, the burden shifts to the non-moving party to "do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (citations omitted). A party may not defeat a motion for summary judgment unless it sets forth specific facts, in a form that "would be admissible in evidence," establishing the existence of a genuine issue of material fact for trial.

Fed.R.Civ.P. 56(e) (providing that in response to a summary judgment motion the "adverse party may not rest upon the mere allegations or denials of [its] pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts

showing that there is a genuine issue for trial"); See also Fireman's Ins. Co. of Newark, N.J. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982); Olympic Junior, Inc. v. David Crystal, Inc., 463 F.2d 1141, 1146 (3d Cir. 1972). In determining whether a factual dispute warranting trial exists, the court must view the record evidence and the summary judgment submissions in the light most favorable to the non-movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

§ 550 of the Bankruptcy Code provides:

> (a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724 (a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from---(1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or (2) any immediate or mediate transferee of such initial transferee.

11 U.S.C.§ 550(a). The purpose of this section is to restore the debtor's financial condition to the state it would have been had the avoided transfer not occurred. In re Schwartz, 383 B.R. 119, 125 (8th Cir, B.A.P 2008); In re Willaert, 944 F.2d 463, 464 (8th Cir. 1991). The court has discretion to order either the return of the property or the payment of its value-which ever remedy is appropriate to fulfill the statutory purpose. Schwartz, 383 B.R. at 125.

By Order dated December 5, 2007, the Court has avoided the September 15, 2005 transfer of Ms.Castiglione's interest in the Property to Mr. Castiglione. Thus, pursuant to § 550, Trustee may recover the value of the avoided transfer from the immediate or mediate transferee of that interest, Superior. Bankruptcy Code § 101(54) defines a transfer as follows:

> "transfer" means every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property, including retention of title as a security interest and foreclosure of the debtor's equity of redemption....

11 U.S.C. § 101(54). Accordingly, the transfer must be of an interest in property. "A mortgage is

an interest in land created by a written instrument providing security for the performance of a duty or the payment of a debt." Black's Law Dictionary at 911 (5th ed.1979); see also In re Bridge, 18 F.3d 195, 200 (3d Cir. 1994)(New Jersey law defines a mortgage as an interest in realty held by a mortgagee). The recording of a mortgage is a transfer of a property interest subject to avoidance. Superior Bank, FSB v. Boyd (In re Lewis), 398 F.3d 735, 746 (6th Cir. 2005); Givens v. Countrywide Home Loans, Inc. (In re Jarosz), 322 B.R. 662, 671 (Bankr. E. D. Wis. 2005).

In In re Altmeyer, 268 B.R. 349 (Bankr.W.D.N.Y 2001), the United States Bankruptcy Court for the Western District of New York dealt with a fact pattern nearly identical to that presented here. In Altemeyer, the trustee of the Chapter 7 bankruptcy estate of the Debtor-Wife Sandra Altmeyer succeeded in avoiding the transfer of the her interest in real property that she had co-owned with her husband, Defendant Frank Altmeyer. As in this case, the transfer of the Debtor's interest was made in connection with the husband's refinance of the property, and as in this case, the consideration stated in the deed for the transfer was $1.00. The Altmeyer trustee next sought to avoid the interest of the husband's mediate transferee, the mortgage lien given to the refinancing bank, Defendant Centex Home Equity Corporation, pursuant to § 550(a)(2) of the Bankruptcy Code. Thus, the facts of Altmeyer are on point with those presented in the case *sub judice*.

Notably, the court in Altmeyer characterized the case in the opening paragraph of its opinion as follows:

> Standards of title examination have recognized the special problems that arise when a deed within the chain of title recites only a nominal consideration. The reason for the concern is the potential treatment of the transfer as a fraudulent conveyance, either under state law or under section 548 of the Bankruptcy Code. As illustrated by the instant case, the law of fraudulent conveyance may impact the rights not only of an immediate transferee, bu the subsequent transferees or

  lienors as well.

Id. at 351.

  The Altmeyer court first considered whether the transfer of the Debtor-Wife's interest in the Property for $1.00 was indeed a fraudulent transfer. Noting that at the time of the transfer, the wife "had significant liabilities and was insolvent", and based upon the appraisal of the Property conducted in connection with the husband's refinance transaction, the court concluded that the transfer was indeed fraudulent pursuant to 11 U.S.C. § 548(a)(B). Id. at 354. Considering the trustee's claim against Centex for avoidance of its mortgage lien, and noting that transfers for nominal consideration in a chain of title give rise to a duty of inquiry in a real estate transaction, the court held that the husband's subsequent transfer of the mortgage interest and the mortgagee's lien were properly avoided as well, "to the extent of Sandra Altmeyer's equity in the property at the time of its transfer." As a result of its ruling, the court in Altmeyer suggested that the remedy it provided be implemented as follows:

> Upon liquidation, the entire proceeds of the property will be charged with the amount of Centex's payment on the pre-existing first mortgage... . One-half of the net balance will be deemed an asset of the bankruptcy estate, without encumbrance of any further portion of the Centex lien. The other half of the net balance represents the pre-existing interest of Frank Altmeyer and is subject to the Centex mortgage.

Id. at 358.

  While the Altmeyer case rests principally upon a standard of care for participants in real estate and refinance transactions embodied in New York practice and law, dating back to the 19th century, this Court is unaware of any statutory or common law authority suggesting that a similar duty of inquiry would be inappropriate in transactions undertaken presently in New Jersey. This Court regards the facts and the rationale of Altmeyer as compelling authority upon

which to base summary judgment in favor of the Trustee and against Superior in this case. Accordingly, Plaintiff's motion for summary judgment against Superior, on the First Count of the Second Amended Complaint, is granted and the Mortgage lien is avoided as to the bankruptcy estate's interest in the Property. The appropriate order will be entered.

Dated: May 9, 2008

/s/ Michael B. Kaplan
Honorable Michael B. Kaplan
United States Bankruptcy Judge